

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

October 3, 2025

<u>**BY ECF**</u>
The Honorable Mary Kay Vyskocil
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

> Re:    <u>**U.S. v. Gonzales-Valdez et al.**</u>, **S1 25 Cr. 76 (MKV)**

Dear Judge Vyskocil:

Pursuant to the Court's Order, the Government respectfully submits this joint status letter. For the reasons set forth below, the parties jointly request that the October 9, 2025 conference and pretrial motion schedule be adjourned for approximately 90 days.

The twenty-one defendants in this case—nineteen of whom are in custody—are charged in a ten-count Superseding (S1) Indictment with racketeering conspiracy and other offenses in connection with their membership in "Anti-Tren," an offshoot faction of the transnational criminal organization Tren de Aragua ("TDA"). There is significant factual overlap between this case and <u>United States v. Jaen Martinez et al.</u>, 25 Cr. 41 (DLC), in which ten members of TDA have been charged in a twenty-five count Superseding (S2) Indictment with racketeering conspiracy, murder in aid of racketeering, and other offenses. Given the overlap between the cases, the Government has produced the same global discovery to defendants in both cases, and defense counsel in both cases have received discovery through a common Coordinating Discovery Attorney ("CDA").

Since the S1 Indictment was unsealed on April 21, 2025, the Government had made six global discovery productions,[1] the most recent of which was made to the CDA on August 29, 2025.[2] These global productions have totaled approximately 900 GB of data, including PDF documents totaling over 670,000 pages, over 700 jail call recordings, law enforcement records pertaining to approximately thirty incidents (such as murders, robberies, and shootings), prosecution files from other jurisdictions, and over 300 recordings from body-worn cameras or

---

[1]    The Government has also produced individual discovery consisting of criminal history and immigration records.

[2]    In addition to the productions to the CDA, the Government provided to the CDA a "prison set" of discovery suitable for dissemination to the in-custody defendants themselves.

recorded interviews.[3] While the Government is awaiting receipt of additional discovery material from certain law enforcement agencies, and while (as discussed below) the Government's investigation is on-going, the Government believes it has produced substantially all of the non-electronically stored information ("ESI") discovery to date. As the Government comes into possession of additional discovery material as the investigation continues, it will produce such material on a rolling basis.

With respect to ESI, the Government has produced extractions of approximately twelve unlocked devices, full identified datasets from four of those extractions, and specific identified data (for example, photographs, screenshots, WhatsApp chats, messages, and voice notes) from numerous devices. To date in this investigation, the Government has obtained authority to search, pursuant to judicial warrant or consent, approximately sixty electronic devices. Of that number, approximately 31 devices were seized from defendants in this case; the remaining devices were seized from defendants in Jaen Martinez or from individuals who have not been charged in either case.[4] Of those approximately 31 devices, only approximately 13 have been successfully unlocked and extracted so far. The Government will produce additional extractions of such devices as they become available.

Law enforcement has been reviewing and will continue to review unlocked devices for identified data.[5] As discussed, the Government's global productions to date have included identified data from many such devices, and the Government will continue to produce identified data as review progresses. The parties jointly recognize that review of cellphone material in this case is very time-consuming and labor-intensive because the materials are almost exclusively in the Spanish language, because members of TDA and Anti-Tren use many terms and phrases that ordinary Spanish speakers might not understand, and because many relevant communications occur through audio voice notes that cannot readily be text-searched.

The Government has made every effort to organize the discovery to facilitate review by the defense, and the parties have worked well to resolve discovery-related challenges. The parties' efforts notwithstanding, it has taken considerable time for the Government to produce and for the defense to review the voluminous discovery in this case. The defense has advised that it needs

---

[3] These statistics reflect the Government's own records, as well as a statistical summary prepared by the CDA, which certain defense counsel shared with the Government.

[4] In the Protective Order in this case, the defendants consented to cross-production of full extractions only among the defendants charged in this case. The Government therefore intends to produce full extractions of only such devices. As to other relevant devices (for example, devices seized from defendants in Jaen Martinez or from individuals charged in neither case), the Government has produced—and will continue producing—relevant material, but not full extractions.

[5] Of the overall set of approximately sixty devices, approximately half have been unlocked. Law enforcement is continuing to take measures to unlock the other devices. Whether a password-protected device can be unlocked depends on many technical factors, including the nature of the password, the make/model of the device, and the period of time the device has been locked. The Government cannot predict whether or how quickly a locked device will eventually be unlocked.

significant additional time to review the discovery, including to assess whether certain defendants wish to file pretrial motions.  The Government has also advised the defense that there is a likelihood of an upcoming superseder in this case.  A superseder might include new defendants and/or new charges, including possible capital-eligible offenses.  Based on the progress of the investigation, the Government does not believe any Superseding Indictment would be returned before the existing motion schedule.

In light of the foregoing, the parties respectfully submit that a 90-day adjournment of the conference date and pretrial motion schedule would permit the defense to continue reviewing discovery in advance of making motions.  The adjournment would also substantially conserve judicial resources because it would allow for the possibility of a superseder before pretrial motions.

For each of the reasons above, the Government also moves to exclude time under the Speedy Trial Act, 18 U.S.C. § 3161.  The defense consents to the exclusion of time.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

by: ___/s/_____
Jun Xiang / Kathryn Wheelock /
Timothy Ly / Andrew K. Chan
Assistant United States Attorneys
(212) 637-2289 / -2415 / -1062 / -1072

**CC (By ECF)**
All Counsel of Record